# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT WORLEY, | ) | |
|     Movant, | ) ) ) | |
| v. | ) ) | No. 4:07-CV-1488 CAS |
| UNITED STATES OF AMERICA, | ) ) | |
|     Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on federal prisoner Scott Worley's motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. On June 2, 2005, Worley was indicted on three counts of Possession of Child Pornography, two counts of Receipt of Child Pornography, three counts of Transportation of Child Pornography, and one count of Attempted Production of Child Pornography.

Worley signed a stipulation of facts and pleaded guilty to eight of the nine counts: two counts of Possession of Child Pornography, two counts of Receipt of Child Pornography, three counts of Transportation of Child Pornography, and one count of Attempted Production of Child Pornography.

On November 17, 2005, the Court sentenced Worley to a term of 180 months imprisonment concurrent on each of the Receipt of Child Pornography, Transportation of Child Pornography, and Attempt Production of Child Pornography counts and 120 months concurrent on the Possession of Child Pornography counts. This sentence was followed by 25 years supervised release.

On direct appeal, Worley argued that no real minor was involved in the charge of Attempted Production of Child Pornography. The Eighth Circuit affirmed Worley's conviction and sentence. United States v. Worley, 217 Fed. Appx. 580 (8th Cir. 2007).

In the § 2255 motion now before the Court, Worley asserts four claims. The Court will address each in turn.

**Legal Standard**.

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To warrant relief under § 2255, the errors of which the petitioner complains must amount to a fundamental miscarriage of justice. Davis v. United States, 417 U.S. 333 (1974); Hill v. United States, 368 U.S. 424, 428 (1962). The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982). "[N]ormally a collateral attack should not be entertained if defendant failed, for no good reason, to use another available avenue of relief." Poor Thunder v. United States, 810 F.2d 817, 823 (8th Cir. 1987) (citing Kaufman v. United States, 394 U.S. 217 (1969)).

**Discussion.**

Worley's motion is brought on four grounds, summarized as follows:

Ground I:    Worley's guilty plea was not knowing or voluntary.

Ground II:   Worley was entrapped by law enforcement.

Ground III:  Worley's sentence does not comply with 18 U.S.C. § 3553(a).

2

> Ground IV: Ineffective assistance of counsel for (a) failing to determine whether Worley was competent to enter plea; (b) failing to have "good communication" with Worley such that Worley did not understand the Attempt Production of Child Pornography carried a fifteen year minimum sentence; and (c) failing to review discovery such that Worley did not know what evidence the government had against him.

Ground I

First, Worley claims his guilty plea was not knowingly or voluntarily entered because of his diminished capacity. Defendant states that he has a reduced mental capacity and could not have entered a knowing or voluntary plea.

It is well established that entry of an unconditional guilty plea waives all challenges to the prosecution of a criminal case, except for those related to jurisdiction. See Smith v. United States, 876 F.2d 655, 657 (8th Cir.), cert. denied, 493 U.S. 869 (1989). Once a defendant enters a guilty plea, collateral attack under § 2255 is limited to the nature of counsel's advice and the voluntariness of the plea. Bass v. United States, 739 F.2d 405, 406 (8th Cir. 1984) (citing Tollett v. Henderson, 411 U.S. 258, 266 (1973)). Collateral review of a guilty plea is therefore "ordinarily confined to whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569 (1989).

Although the validity of a guilty plea may be reviewed collaterally, it must have first been raised on direct appeal. See United States v. Apker, 174 F.3d 934, 938 (8th Cir. 1999) (quoting Bousley v. United States, 523 U.S. 614, 621 (1998) ("[E]ven the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review.")). Worley failed to challenge the validity of his plea on direct appeal, and therefore has waived any such claim in this collateral proceeding.

3

Even assuming Worley had preserved his claim regarding the voluntariness of his plea, the Court finds that Worley's guilty plea was counseled and voluntary. The transcript of Worley's plea hearing reflects that Worley testified that he had a high school education with some college classes. Transcript of Plea Hearing ("Plea Tr.") at 5. He stated that he was not suffering from any mental disease or defect. Id. at 6. He stated that he was taking some prescription medicine, and the Court asked him to advise it if these medications were causing him any problems understanding the proceedings. Worley never advised the Court as to any difficulty understanding the proceedings. The Court discussed the range of punishment for all counts, and Worley stated that he understood these punishment ranges. The government then stated the evidence it would prove at trial, and Worley agreed that this was "what happened." Id. at 10. The Court advised Worley of his constitutional rights at trial. Worley acknowledged these rights and that he was waiving these rights by pleading guilty. He stated that he had not been threatened or promised anything to get him to plead guilty. He stated that he was pleading guilty because he was guilty and had committed the offenses. The transcript reflects that the Court closely examined Worley regarding the voluntariness of his plea, and reflects a plea entered knowingly and voluntarily.

Worley failed to challenge the voluntariness of his plea on direct appeal, and he has therefore waived this argument in this collateral proceeding. Even assuming he had raised this challenge on direct appeal, however, based on the record the Court finds that movant's plea was knowing and voluntary.

Ground II

For his second claim, Worley claims that he was entrapped by law enforcement. As previously noted, Worley's guilty plea waives all challenges with respect to his criminal prosecution,

4

except for those related to jurisdiction. Smith, 876 F.2d at 657. Worley's claim of entrapment does not relate to jurisdiction, and has therefore been waived by his voluntary guilty plea.

Ground III

For his third claim, Worley argues that his sentence failed to comply with 18 U.S.C. § 3553(a). Again, Worley's guilty plea waived "all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel." Plea Agreement, Guidelines Recommendations and Stipulations at 3-4. This agreement is enforceable just as is a waiver of appeal rights. See United States v. DeRoo, 223 F.3d 919, 923 (8th Cir. 2000). Therefore, Worley has waived any argument that his sentence does not comply with 18 U.S.C. § 3553(a), and his claim fails.

Ground IV

Finally, Worley claims ineffective assistance of counsel in the following areas: (1) counsel failed to determine if he was competent to enter a guilty plea; (2) counsel failed to have "good communication" with Worley such that he never understood that there was a fifteen year minimum sentence on the Attempt Production of Child Pornography count; and (3) counsel never reviewed the government's discovery, and therefore Worley was unaware of the evidence against him.

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show that counsel failed to exercise reasonable diligence and skill, and that petitioner was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984).

(a) Failed to Determine Competence to Plea.

This underlying basis of this claim, i.e., whether Worley was competent to enter a guilty plea, was previously discussed in Ground I and found to lack merit. Because this claim lacks merit, counsel was not ineffective for failing to raise this argument. See Garrett v. United States, 78 F.3d 1296, 1305 (8th Cir.), cert. denied, 519 U.S. 956 (1996).

(b) Unaware of Fifteen Year Minimum Sentence

Next movant claims that counsel was ineffective for failing to advise him that the Attempted Production of Child Pornography count carried a fifteen year minimum sentence. Movant's claim that he was unaware of the fifteen year minimum sentence is not supported by the record. The transcript of Worley's plea hearing reflects that he was aware that this count carried a fifteen year minimum sentence. At the plea hearing, the AUSA stated: "As to Count IX, the Defendant is charged with Attempt Production of Child Pornography. The statutory minimum is 15 years. He can receive up to 30 years imprisonment and a $250,000 fine and up to a lifetime supervised release." Plea Tr. at 6. The Court asked Worley if he understood, and Worley replied, "Yes, sir." Id. at 10. Additionally, the plea agreement included the following language in bold type: "**The defendant fully understands that the crime charged to which a guilty plea is being entered requires a mandatory minimum term of imprisonment of at least fifteen years.**" Plea Agreement, Guidelines Recommendations and Stipulations at 15. Because the factual record refutes movant's argument that he was unaware of the fifteen year mandatory minimum sentence, movant cannot show that counsel's performance in allegedly failing to counsel him as to this fifteen year minimum was deficient under Strickland.

(c) Counsel Was Ineffective Because Movant Did Not Know the Evidence Against Him

6

Finally, movant argues that counsel was ineffective because he did not review the discovery materials from the government, and therefore movant did not know what evidence the government had against him. Again, this argument is refuted by the record.

Worley's counsel filed a pretrial motion to suppress evidence and a pretrial motion to suppress statements. These motions delineated the searches, seizures, and statements of which counsel was seeking suppression. See Docs. 12 and 13. The Court held a hearing on these pretrial motions, and five witnesses testified. See Docs. 14, 17, and 34. Movant was present in the courtroom during the hearing. See Doc. 34. During the hearing, the government adduced extensive evidence of movant's possession, receipt, distribution, and attempted production of child pornography. This evidence is set out in great detail in the Report and Recommendation filed by the Magistrate Judge, see Doc. 34 at 4-26. Worley sat through these proceedings and was well aware of the government's evidence. His argument that he was not aware of the evidence against him is squarely refuted by the record.

As stated above, to prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show that counsel failed to exercise reasonable diligence and skill, and that petitioner was prejudiced thereby. Strickland, 466 U.S. at 687. Because the record shows that movant was aware of the evidence the government had against him, he cannot show that his counsel's performance was deficient for allegedly failing to advise him of the evidence the government had against him. There is no evidence to support movant's contention that his counsel erred, and no evidence to show that but for this error he would have not pleaded guilty and would have insisted on going to trial. See id.; Hill, 474 U.S. at 59.

Accordingly,

**IT IS HEREBY ORDERED** that Scott Worley's motion under 28 U.S.C. § 2255 is **DENIED**. [Doc. 1]

**IT IS FURTHER ORDERED** that Scott Worley has not made (1) a substantial showing of the denial of a constitutional right, such that reasonable jurists would find the Court's assessment of the constitutional claims debatable, or that the issues presented were adequate to deserve encouragement to proceed further, Miller-El v. Cockrell, 537 U.S. 322, 336 (2003), or (2) a showing that reasonable jurists would find it debatable whether the Court's procedural rulings are correct, and therefore this Court will not issue a certificate of appealability. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

An appropriate judgment will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 3rd day of October, 2008.